1   Michael S. Kun (State Bar No. 208684)
2   S. Shane Sagheb (State Bar No. 109878)
    Ted A. Gehring (State Bar No. 218715)
3   EPSTEIN BECKER & GREEN, P.C.
    1925 Century Park East, Suite 500
4   Los Angeles, CA 90067
    Telephone:  310.556.8861
5   Facsimile:  310.553.2165
    mkun@ebglaw.com
6   ssagheb@ebglaw.com
    tgehring@ebglaw.com

7   Attorneys for Defendant
    AEROTEK, INC.

8

9               UNITED STATE DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  NORMA SERRANO, an Individual; MARIA GRANDE, an Individual; and 12  on behalf of all others similarly situated, | Case No.: |
| | **NOTICE OF REMOVAL OF ACTION BY DEFENDANT** |
| 13                  Plaintiffs, | **AEROTEK, INC. UNDER 28 U.S.C. §§ 1332(D)** |
| 14      vs. | **[CLASS ACTION FAIRNESS ACT** |
| 15  BAY BREAD LLC, a Delaware Limited Liability Company doing 16  business in California; AEROTEK, INC., a Maryland Corporation doing 17  business in California; FULLBLOOM BAKING LLC, a California Limited 18  Liability Company; FULLBLOOM BAKING, INC., a California 19  Corporation; and DOES 1 through 20, inclusive. | **OF 2005]** |
| 20                  Defendants. | |
| 21 | |

22      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**

23  **FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

24      **PLEASE TAKE NOTICE** that Defendant Aerotek, Inc. ("Defendant"),

25  contemporaneously with the filing of this notice, is effecting the removal of the

26  above-captioned action, Norma Serrano and Maria Grande v. Bay Bread LLC, et

27  al., Case No. CIV526280, from the Superior Court of the State of California for

28  the County of San Mateo ("State Court Action") to the United States District

- 1 -

Court for the Northern District of California. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1332(d) and 1453, the Class Action Fairness Act of 2005 ("CAFA"), in that the number of members of the proposed plaintiff class in the aggregate is more than 100, Plaintiffs are citizens of a state different than Defendant, and the amount in controversy exceeds $5,000,000.00 exclusive of costs and interest.

I.  **PLEADINGS, PROCESS AND ORDERS**

1.  On or about January 15, 2014, Plaintiffs Norma Serrano and Maria Grande ("Plaintiffs") commenced the above-captioned action in the Superior Court of the State of California, County of San Mateo, against Defendant. The action is entitled <u>Norma Serrano and Maria Grande v. Bay Bread LLC, et al.</u> and is assigned Case No. CIV526280. True and correct copies of the original Summons and Complaint served upon Defendant on February 4, 2014 are attached hereto collectively as Exhibit 1.

2.  Despite the caption, the original Complaint did not allege any claims on behalf of Plaintiffs, nor did it allege any claims against Defendant. Instead, that Complaint involved claims brought by a different Plaintiff (Liborio Moreno) against entirely different defendants (Express Messenger Services, Inc. and Subcontracting Services, Inc.). The body of the original Complaint did not mention Plaintiffs, Defendant or the other defendants in this action.

3.  Apparently recognizing their error, on February 7, 2014, Plaintiffs served a second Summons and Complaint upon Defendant that set forth Plaintiffs' claims against Defendant and the other defendants in this action. A true and correct copy of that second Complaint is attached hereto as Exhibit 2.

4.  On March 6, 2014, Defendant filed its Answer to the second Complaint. A true and correct copy of the Answer is attached hereto as Exhibit 3.

5.  On March 5, 2014, Bay Bread LLC ("Bay Bread") filed its answer to the second Complaint. A true and correct copy is attached hereto as Exhibit 4.
///

6.      Exhibits 1, 2, 3 and 4 constitute all the process, pleadings and orders served on or by Defendant in the State Court Action.

## II.      BASIS FOR REMOVAL

7.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the United States District Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441 and 1453 in that it is a purported class action in which there are more than 100 putative class members, it is between citizens of different states, and the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

8.      CAFA was enacted to expand federal jurisdiction over purported class actions.   It provides that a purported class action may be removed in accordance with 28 U.S.C. § 1446 if:  (a) membership in the putative class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000.00.  28 U.S.C. §§ 1332(d), 1453(b).

9.      As explained more fully below, this Court has original jurisdiction under CAFA over all claims brought by Plaintiffs, on behalf of themselves and all members of the putative class.  Because Plaintiffs' action could have been filed in this Court, Defendant may remove it pursuant to 28 U.S.C. § 1441.

### A.      Class Size

10.      CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members.

11.      Plaintiffs seek to represent all persons Defendant assigned to work in California for the other defendants in the four years prior to filing suit. (Complaint, ¶ 23.)

///

12.    Defendant has assigned a total of approximately 1,183 persons to work for Bay Bread, and for Fullbloom Baking Company ("Fullbloom") since January 15, 2010.  (Schenk Decl., ¶¶ 6, 9.)  Accordingly, the putative class has more than 100 members.

**B.    Citizenship**

13.    CAFA's requirement that any one member of the proposed class be a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)) is also satisfied here.

14.    Plaintiffs allege that they are California residents.  (Complaint, ¶¶ 3, 4.)  In addition, information supplied to Defendant by Plaintiffs and maintained in Defendant's files reflects that Plaintiffs have lived in the State of California and in no other state since at least 2012 and that they also have held employment in the State of California and no other state since at least 2012.  (Schenk Decl., ¶ 11.) All of these facts are indicia of Plaintiffs' California citizenship.

15.    Defendant was at the time of the filing of this action, and still is, a corporation formed under the laws of Maryland, and headquartered in Maryland. (Complaint, ¶ 5; Schenk Decl., ¶ 3.)

16.    "In determining whether there is diversity of citizenship between corporate parties, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 763 (9th Cir. 2002) (internal citations omitted).

17.    Accordingly, the requirements for diversity jurisdiction are met because Plaintiffs and Defendant are citizens of different states.

**C.    Amount In Controversy**

18.    CAFA's requirement that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs (28 U.S.C. § 1332(d)(2)), is satisfied here as well.  Although Defendant disputes liability and damages, the

- 4 -

1  damages Plaintiffs claim for themselves and the putative class exceed
2  $5,000,000.00.

3      19. The Complaint is silent as to the total amount of damages claimed by
4  the putative class. Plaintiffs allege that they and the class are entitled to recover
5  unpaid wages, penalties, and restitution in unspecified amounts.

6      20. The failure of a complaint to specify the total amount of damages
7  sought does not deprive this Court of jurisdiction. <u>See</u> <u>White v. J.C. Penney Life</u>
8  <u>Ins. Co.</u>, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to
9  federal court notwithstanding the failure of plaintiff to plead a specific dollar
10 amount in controversy). Defendant need only establish by a preponderance of
11 evidence that Plaintiffs' claim exceeds the jurisdictional minimum. <u>Guglielmino</u>
12 <u>v. McKee Foods Corp.</u>, 506 F.3d 696, 700-01 (9th Cir. 2007) (holding that
13 preponderance of the evidence burden of proof applies to the removing defendant
14 in a putative wage and hour class action complaint).

15     21. The First Cause of Action of the Complaint alleges a failure to
16 provide meal periods. In this cause of action, Plaintiffs seek to recover, <u>inter alia</u>,
17 one-hour meal period premiums for themselves and for all putative class
18 members. (Complaint, ¶¶ 33-39.)

19     22. The Second Cause of Action of the Complaint alleges a failure to
20 provide rest periods in compliance with the law. Plaintiffs seek to recover, <u>inter</u>
21 <u>alia</u>, one-hour rest period premiums for themselves and all putative class
22 members. (Complaint, ¶¶ 40-45.)

23     23. The Third Cause of Action of the Complaint alleges a failure to
24 provide all earned wages. Plaintiffs seek to recover, <u>inter alia</u>, meal and rest
25 period premiums. (Complaint, ¶¶ 46-52.)

26     24. The Fourth Cause of Action of the Complaint alleges a failure to pay
27 all earned wages upon termination. Plaintiffs seek to recover, <u>inter alia</u>, waiting
28

FIRM:24720208v1    NOTICE OF REMOVAL OF ACTION BY DEFENDANT AEROTEK, INC.

time penalties of 30 days' pay for themselves and for all terminated putative class members. (Complaint, ¶¶ 52-61.)

25.    The Fifth Cause of Action of the Complaint alleges unfair competition in violation of California Business & Professions Code § 17200. Plaintiffs seek restitution and injunctive relief. (Complaint, ¶¶ 62-66.)

26.    Plaintiffs' Sixth Cause of Action of the Complaint seeks penalties under the California Private Attorneys General Act ("PAGA"), Labor Code § 2699, for the alleged failure to provide meal periods, alleged failure to provide rest periods, alleged failure to pay all earned wages, and the alleged failure to pay all earned wages upon termination. (Complaint, ¶¶ 68-72.)

27.    Defendant has assigned approximately 812 temporary employees to Bay Bread since January 15, 2010. It has assigned approximately 208 temporary employees to Bay Bread since January 15, 2013. (Schenk Decl., ¶ 6.)

28.    Serrano and other temporary employees that Defendant placed with Bay Bread since January 15, 2010 were compensated at the average rate of $9.23 per hour. (Schenk Decl., ¶ 6.) These employees were paid weekly. (Id.) They generally were scheduled to work eight (8) hours per day, five (5) days per week. (Id.)   They worked approximately 11,381 workweeks since January 15, 2010. (Id.)

29.    The temporary employees that Defendant placed with Bay Bread since January 15, 2013 were compensated at the rate of $10.05 per hour. (Id., ¶ 7.) They worked approximately 4,268 workweeks since January 15, 2013. (Id.)

30.    Defendant has assigned approximately 371 temporary employees to Fullbloom since January 15, 2010. It has assigned approximately 305 temporary employees to Fullbloom since January 15, 2013. (Id., ¶ 9.)

31.    Grande and the other temporary employees that Defendant placed with Fullbloom since January 15, 2010 were compensated at the rate of $10.33 per hour. (Id., ¶ 9.) These employees were paid weekly. (Id.) They generally were

- 6 -

scheduled to work eight (8) hours per day, five (5) days per week.  (<u>Id.</u>)  They worked approximately 2,027 workweeks since January 15, 2010. (<u>Id.</u>)

32.    The temporary employees who Defendant placed with Fullbloom since January 15, 2013 were compensated at the average rate of $10.16 per hour. They worked a total of 1,799 workweeks since January 15, 2013. (<u>Id.</u>, ¶ 10.)

33.    Using Plaintiffs' allegations, the amount in controversy for each claim is as follows:

| | |
|---|---|
| First Cause of Action (meal periods) | $629,927.70 |
| (Bay Bread) 11,381 workweeks x 5 days x $9.23/hr. = $525,233.15 | |
| (Fullbloom) 2,027 workweeks x 5 days x $10.33/hr. = $104,694.55 | |
| Second Cause of Action (rest periods) | $629,927.70 |
| (Bay Bread) 11,381 workweeks x 5 days x $9.23/hr. = $525,233.15 | |
| (Fullbloom) 2,027 workweeks x 5 days x $10.33/hr. = $104,694.55 | |
| Third Cause of Action (wages) | Subsumed by First and Second Causes of Action |
| Fourth Cause of Action (waiting time penalties under Cal. Lab. Code § 203) | $1,501,608.00 |
| (Bay Bread) 604 employees x $9.23/hr. x 8 hrs./day x 30 days = $1,337,980.80 | |
| (Fullbloom) 66 employees x $10.33/hr. x 8 hrs./day x 30 days = $163,627.20 | |
| Fifth Cause of Action Unfair Competition | Subsumed by Prior Causes of |

|  | Action |
|---|---|
| Sixth Cause of Action (PAGA) (Bay Bread) (208 employees x 1 pay period x $100) + (208 employees x 51 pay periods x $200) = $2,142,400.00 (Fullbloom) (305 employees x 1 pay period x $100) + (305 employees x 51 pay periods x $200) = $3,141,500.00 | $5,283,900.00[1] |
| Attorneys' fees:[2] .25 x $8,045,363.40 (total of damages sought) | $2,011,340.80[3] |

34. Based on the allegations in the Complaint, it is "more likely than not" that the amount in controversy exceeds $5,000,000.00.

35. Because (a) Plaintiffs allege a putative class of over 100 members, (b) diversity of citizenship exists, and (c) the amount in controversy exceeds $5,000,000.00, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(d)(2). This action is therefore appropriate for removal to this Court.

///

///

[1] This calculation is based on a single alleged PAGA violation. As Plaintiffs' Complaint appears to seek relief for at least three separate PAGA violations – meal periods, rest periods and wages – the potential exposure on this claim appears to be **$15,851,700.00**.

[2] Plaintiffs' counsel prosecuting wage and hour class action litigation typically request attorneys' fees in an amount that is at least 25% of their recovery. See McKenzie v. Federal Express Corp., 2012 U.S. Dist. LEXIS 103666, *19 (C.D. Cal. 2012) (wage and hour class action in which the court recognized, "If an attorney seeks a percentage recovery in a class action, twenty-five percent of the common fund has been established as the 'benchmark' award in the Ninth Circuit.")

[3] This figure is significantly higher if Plaintiffs are seeking recovery for three separate alleged PAGA violations, as discussed in footnote 1 above.

1

III.     **<u>TIMELINESS OF REMOVAL</u>**

2

    36.     This Notice of Removal is being timely filed within thirty (30) days

3

of February 7, 2014, the date on which service of the second corrected Summons

4

and Complaint was made upon Defendant.

5

DATED:  March 7, 2014                      EPSTEIN BECKER & GREEN, P.C.

6

7

                             By:
                                  /S/ Michael S. Kun
8
                                 Michael S. Kun
                                 S. Shane Sagheb
9                                Ted A. Gehring
                                 Attorneys for Defendant
10                               AEROTEK. INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -