UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA SERRANO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BAY BREAD LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-01087-TEH<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND; PERMITTING JURISDICTIONAL DISCOVERY; AND SETTING A CASE MANAGEMENT CONFERENCE** |

    Plaintiffs' motion to remand was scheduled to come before the Court on May 19, 2014. Having considered the papers submitted, the Court determines that this matter is appropriate for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), and hereby VACATES the hearing scheduled for May 19, 2014 and DENIES Plaintiffs' motion for the reasons set forth below.

**BACKGROUND**

    On March 7, 2014, Defendant Aerotek, Inc. removed this case from San Mateo County Superior Court. On April 9, 2014, Plaintiffs moved to remand, arguing that the Court must decline jurisdiction under the local controversy exception to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

**LEGAL STANDARD**

    The local controversy exception requires that a district court decline jurisdiction where, *inter alia*, more than two-thirds of putative class members are citizens of the State in which the action was originally filed; at least one defendant from whom significant relief is sought is a citizen of the State in which the action was originally filed; and during the three-year period preceding the filing, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or

other persons. 28 U.S.C. § 1332(d)(1)(4). The burden of proof for establishing a CAFA exception rests on the party seeking remand. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

**DISCUSSION**

To satisfy the local controversy exception, Plaintiffs assert that Defendant Bay Bread LLC is a citizen of California because its principal place of business is in San Francisco, California. Based on "information and belief," Plaintiffs claim that more than two-thirds of the putative class members are citizens of California because the class consists of persons who were employed at Bay Bread or Full Bloom bakeries, which are located in South San Francisco and Newark, California, respectively. Plaintiffs also argue that no similar lawsuits have been filed in the preceding three years. Defendant Aerotek, Inc. ("Aerotek") responds that Plaintiffs have not put forth sufficient evidence of the class's citizenship and that in the preceding three years, two similar class action lawsuits have been filed against it.

As a threshold matter, Aerotek does not dispute, and this Court concludes, that Plaintiffs have established that a defendant from whom significant relief is sought – Bay Bread LLC – is a California citizen for CAFA purposes because its principal place of business is in California. Turning to those requirements in dispute, the Court first considers the question of whether lawsuits based on similar facts have been filed in the preceding three years, and finds that the two other suits Aerotek cites, *Ascencio v. Oceaneering International Inc.*, 37-2011-6055, originally filed in the Superior Court of California, San Diego County, and *Graehl v. Wellpoint Inc.*, BC526710, originally filed in the Superior Court of California, Ventura County, do not contain the "same or similar factual allegations." Although both suits alleged wage and hour violations against Defendant Aerotek, the suits involved different violations for different employer policies and practices than those alleged in the instant lawsuit. Here, Plaintiffs were employed at bakeries and allegedly made to work without meal or rest breaks. The *Ascencio* plaintiffs

2

were employed at an engineering firm, and allege they were denied rest and meal breaks, overtime, and itemized wage statements. Drummond Decl., Ex. A, Docket No. 16-4. In *Graehl*, the plaintiffs were call center employees for a health insurance company who alleged they were made to work off the clock, and that they were denied overtime, itemized wage statements, and pay for waiting time. Drummond Decl., Ex. B, Docket No. 16-5. Although the statutory bases for the claims may be similar, the Court concludes that the factual bases for the claims of these suits are different from the instant case.

Regarding class composition, "[w]here facts are in dispute, the statute requires district courts to make factual findings before granting a motion to remand a matter to state court." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013). Allegations alone, when challenged by the defendant, are insufficient to support remand. *Id.* There must be "some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." *Id.* Plaintiffs here have failed to put forth any evidence, and instead rely solely on the fact that the plaintiff class was employed in California. Plaintiffs argue that the presumption of continuing domicile supports their position that if the class consists of persons employed in California within the last four years, then more than two-thirds of the class members likely remain California citizens. The presumption of continuing domicile, however, provides that "*once established*, a person's state of domicile continues unless rebutted." *Id.* at 885 (emphasis added). Plaintiffs did not establish the initial domicile of the class members, preventing the Court from presuming continued domicile.

As they have failed to put forth any evidence to support their contention that greater than two-thirds of class members are California citizens, Plaintiffs have failed to meet their burden and their motion to remand is DENIED. Recognizing, however, that "[t]he burden of proof placed upon a plaintiff should not be exceptionally difficult to bear," *id*. at 886, and the relevant information about the class here likely resides with the Defendants, the Court shall permit Plaintiffs to take jurisdictional discovery to gather evidence to prove that more than two-thirds of the class members are citizens of California. Plaintiffs may

then renew their remand motion should they choose to do so.

**CONCLUSION**

Plaintiffs' motion to remand is DENIED. Plaintiffs may commence jurisdictional discovery regarding the citizenship of class members forthwith. The parties are already scheduled to attend a case management conference on **June 16, 2014 at 1:30PM.** At the conference, the parties should be prepared to discuss any issues relating to jurisdictional discovery, and any possible renewed remand motion. A joint case management statement shall be due no later than **June 9, 2014**.

**IT IS SO ORDERED.**

Dated: 5/6/14

_____
THELTON E. HENDERSON
United States District Judge