UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA SERRANO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BAY BREAD LLC, et al.,<br><br>Defendants. | Case No. 14-cv-01087-TEH<br><br>**ORDER GRANTING PLAINTIFFS' RENEWED MOTION TO REMAND AND VACATING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT** |

This matter came up for oral argument on September 8, 2014. Having considered the arguments of the parties in the papers submitted and at oral argument, the Court now GRANTS Plaintiffs' renewed motion to remand the case to state court, and VACATES Defendants' motion for a more definite statement, for the reasons set forth below.

**BACKGROUND**

In this class action, employees of two bakeries in the San Francisco Bay Area allege denial of meal and rest breaks and related wages by Defendants Bay Bread LLC, FullBloom Baking LLC, and Aerotek, Inc. On March 7, 2014, Aerotek removed the case from San Mateo County Superior Court. Plaintiffs moved to remand in April, arguing that this Court must decline jurisdiction under the local controversy exception to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d). The Court denied Plaintiffs' motion in May, concluding that they had not satisfied the local controversy exception because they did not put forward sufficient evidence that two-thirds of the putative class were California citizens. May 6, 2014 Order Denying Mot. to Remand at 2-3 (Docket No. 19). The Court granted leave for Plaintiffs to perform jurisdictional discovery, *id.* at 3-4, and Plaintiffs renewed their motion to remand in July, submitting evidence of the class members' addresses in California. Also in July, Defendant Aerotek moved for a more

1  definite statement, arguing that Plaintiffs' First Amended Complaint ("FAC") alleges
2  conclusory statements of law and does not provide a clear legal basis for Aerotek's
3  liability.  Defendant Bay Bread joined in Aerotek's motion.  Oral argument on Plaintiffs'
4  renewed motion to remand was heard on September 8, 2014.

**LEGAL STANDARD**

The local controversy exception requires that a district court decline jurisdiction where more than two-thirds of putative class members are citizens of the state in which the action was originally filed; at least one defendant from whom significant relief is sought is a citizen of the state in which the action was originally filed; the principal injuries resulting from the alleged conduct were incurred in the state in which the action was originally filed; and during the three-year period preceding the filing, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.  28 U.S.C. § 1332(d)(1)(4)(A).  The party moving for remand has the burden of proving that the local controversy exception applies by a preponderance of the evidence.  *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 884 (9th Cir. 2013).

**DISCUSSION**

### I.  Plaintiffs' Renewed Motion to Remand

Plaintiffs move to remand under the local controversy exception to the Class Action Fairness Act.  28 U.S.C. § 1332(d)(4)(A).  This exception provides:

> A district court shall decline to exercise jurisdiction under paragraph (2)--
> (A)(i) over a class action in which--
>    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>    (II) at least 1 defendant is a defendant--
>       (aa) from whom significant relief is sought by members of the plaintiff class;
>       (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

2

> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[].

*Id.* As discussed below, Plaintiffs have satisfied each of the requirements of the local controversy exception, requiring the Court to grant the motion to remand.

### A. Greater than two-thirds of the class were citizens of California at removal

Plaintiffs have met their burden of showing that at least two-thirds of the putative class were California citizens at the time of removal. For diversity jurisdiction purposes, a natural person is a citizen of a state if she is a citizen of the United States and the state is her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* "[T]here must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." *Mondragon*, 736 F.3d at 884. "The burden of proof placed upon a plaintiff should not be exceptionally difficult to bear," and "district courts are permitted to make reasonable inferences from facts in evidence . . . ." *Id*. at 886. In addition, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile," under which a person's state of domicile, once established, is presumed to continue until rebutted by evidence of change. *Id.* at 885.

A federal district court hearing a case involving the local controversy exception in New York recently concluded that the address records of temporary employees in that case were not sufficient for defendants to invoke the local controversy exception. *Hart v. Rick's NY Cabaret Int'l, Inc.*, 967 F. Supp. 2d 955, 964 (S.D.N.Y. 2014). In that case, defendants produced evidence that about 70% of the proposed class members were citizens of New York at the relevant times. *Id.* at 963. "[A]lthough the question [was] a

1  reasonably close one," the court found that defendants had not met their burden "for
2  several reasons." *Id.* at 964.  The dancers' last known addresses provided "only limited
3  insight" into the question of domicile, especially for short-term employees. *Id.* The
4  records did not speak to the plaintiffs' citizenship "as of the critical dates," and plaintiffs
5  provided "several concrete []examples" of class members who had moved out of New
6  York since the date of the evidence. *Id.* at 964-65.  Finally, with just 70% New York
7  addresses, "the data that Rick's NY has presented only barely clear[ed] the statutory two-
8  thirds bar needed for the local controversy exception to apply." *Id.* at 965.

9        The timing of the citizenship determination is also important.  The statute provides
10  that "Citizenship of the members of the proposed plaintiff classes shall be determined
11  . . . as of the date of service by plaintiffs of an amended pleading, motion, or other paper,
12  indicating the existence of Federal jurisdiction."  28 U.S.C. § 1332(d)(7).  Where a case
13  was brought in state court but removed to federal court, the citizenship of the class
14  members must be determined at the time of removal.  *Doyle v. OneWest Bank, FSB*, ---
15  F.3d ---, 2014 WL 4115947, No. 14-56075 (9th Cir. Aug. 22, 2014) (vacating remand
16  order because the district court considered the citizenship of the class at the time of
17  plaintiffs' Second Amended Complaint, filed in federal court after removal, rather than at
18  the time of removal); *see also Mondragon*, 736 F.3d at 883.

19        Plaintiffs in this case have met their burden.  They produced evidence that 99.7% of
20  the putative class had a mailing address in California when Defendants provided such
21  information to Plaintiffs on June 27 and July 16, 2014.  Exs. C & E to Le Clercq Decl. at
22  13 & 39 (Docket No. 49-2).  Moreover, the only relevant places of employment are located
23  in the San Francisco Bay Area.  In the absence of any contrary evidence, it is reasonable to
24  infer that most of the bakeries' employees live and intend to remain here.  Even if not all
25  of the 99.7% of class members with mailing addresses in California do not actually reside
26  or intend to remain in this state, over 300 employees would have to be non-California
27  citizens before the class fell below the two-thirds threshold.  It would be unreasonable to
28

infer that so many employees would have a mailing address in California but reside or be domiciled in another state.

Defendants' reliance on *Rick's Cabaret* is unconvincing. The Court recognizes that the mailing addresses of temporary employees do not directly speak to those employees' intention to remain in a particular state, as discussed in *Rick's Cabaret*. 967 F. Supp. 2d at 964. However, in that case, plaintiffs put forward specific examples of class members who had left New York since the relevant dates. *Id.* at 964-65. Here, Defendants only point to the fact that they employ "temporary" workers, without providing context for what such "temporary" employment means, much less whether specific class members have left California since the relevant date. While the burden to prove citizenship rests with the Plaintiffs in this case, Defendants have not rebutted the "reasonable inferences" that are most naturally drawn from Plaintiffs' evidence. *See Mondragon*, 736 F.3d at 886.

Moreover, the evidence in *Rick's Cabaret* only showed that about 70% of the putative class in that case had New York addresses, so a finding that just 49 or 61 members were not New York citizens would bring the class below the two-thirds threshold. 967 F. Supp. 2d at 965. "Had Rick's NY's last-known address data situated, say, 95% of the class members in New York, there would be a far more substantial buffer, and the Court would be more comfortable relying on this data as a basis to find the two-thirds threshold met." *Id.* Here, the evidence shows that 99.7% of the putative class members have California addresses; as previously noted, over 300 employees would need to be non-California citizens in order to drop below the threshold. The class in this case has the "far more substantial buffer" that was missing in *Rick's Cabaret*.

The Court also recognizes that Defendants are partly responsible for the quality of Plaintiffs' evidence. After this Court granted leave to perform jurisdictional discovery, Plaintiffs served Defendants with special interrogatories seeking the full addresses and telephone numbers of the putative class members, but Defendants initially refused out of privacy concerns, and the parties agreed to the disclosure of class members' initials and their state of address. Sagheb Decl. at 2-3 (Docket No. 53-1). "The disclosure of names,

addresses, and telephone numbers is a common practice in the class action context." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011). Had Defendants disclosed more information, Plaintiffs could have contacted a sample of members to obtain evidence of their intention to remain in California. Or, Defendants could have reviewed their records themselves, and presented any evidence against citizenship directly to the Court. Defendants did neither, again failing to rebut the most reasonable inferences to be drawn from Plaintiffs' evidence.

Plaintiffs' evidence is also sufficient to find that the class consisted of at least two-thirds California citizens *at the time of removal*, as required by 28 U.S.C. § 1332(d)(7). This case was removed to federal court on March 7, 2014. Plaintiffs' evidence shows that over 99% of the class members employed by Defendant Bay Bread since January 15, 2010, had last known addresses in California as of June 27, 2014. Ex. C to Le Clercq Decl. at 13; Mot. at 1. Plaintiffs' evidence also shows that over 99% of the class members employed by Defendant FullBloom Baking since January 15, 2010, had last known addresses in California as of July 16, 2014. Ex. E to Le Clercq Decl. at 39; Mot. at 1. Given the overlap of these employment time periods with the date of removal, and the temporal proximity of the date of removal and the dates on which this information was provided to Plaintiffs, and considering the presumption of continuing domicile, it is reasonable to infer that over two-thirds of the putative class members were citizens of California at the time the case was removed.

### B. At least one significant defendant is a California citizen

The second requirement of the local controversy exception is that at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims is a citizen of the state in which the claim was originally brought. 28 U.S.C. § 1332(d)(4)(A)(i)(II). The parties do not dispute this issue, and the Court previously concluded that Defendant Bay Bread LLC is a California citizen from whom significant relief is sought. May 6, 2014 Order at 2. The Court maintains this conclusion now.

6

### C. Principal injuries were incurred in California

The third requirement is that the principal injuries stemming from the alleged conduct were incurred in the state in which the claim was originally filed. 28 U.S.C. § 1332(d)(4)(A)(i)(III). The parties also do not dispute this issue. Both of the relevant places of employment are located in California. Mot. at 7. The Court finds that all of the principal injuries stemming from the alleged misconduct were incurred in California.

### D. No similar lawsuits have been filed against Defendants

The final requirement is that none of defendants have been subject to a class action asserting the same or similar factual allegations in the last three years. 28 U.S.C. § 1332(d)(4)(A)(ii). This issue remains in dispute. Defendant Aerotek has been subject to two other California wage-and-hour disputes in the relevant time period, one involving engineers and another involving call center employees. Opp'n at 11 (Docket No. 53). The Court previously concluded that "[those] suits involved different violations for different employer policies and practices than those alleged in the instant lawsuit." May 6, 2014 Order at 2. The Ninth Circuit subsequently denied Aerotek's petition to appeal on this issue. Aug. 22, 2014 Order of United States Court of Appeals (Docket No. 56). For the reasons stated in the previous Order, the Court maintains its conclusion that "the factual bases for the claims of [the other] suits are different from the instant case." May 6, 2014 Order at 3.

Because Plaintiffs have satisfied the four requirements of the local controversy exception as described above, the Court is required to grant their renewed motion to remand.

## II. Defendants' Motion For A More Definite Statement

Because this case is remanded to state court, Defendants' motion for a more definite statement is vacated as moot.

**CONCLUSION**

For the reasons given above, Plaintiffs' renewed motion to remand is GRANTED, and Defendants' motion for a more definite statement is VACATED. This matter is hereby remanded to the Superior Court of California for the County of San Mateo. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 09/10/2014      _____
                       THELTON E. HENDERSON
                       United States District Judge